JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant

FILED
DISTRICT COURT OF GUAM
OCT 30 2007
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR07-00097 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **MOTION FOR RELEASE PENDING TRIAL; MEMORANDUM IN SUPPORT** |
| RYAN DUMANAL, | ) ) ) | |
| Defendant. | ) ) | |

COMES NOW, Defendant RYAN DUMANAL, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and moves the Court to modify his conditions of release to permit his release pending trial. This Motion is based on 18 U.S.C. Section 3142, the attached Memorandum in Support, the record on file herein, and such other and further evidence and argument as may be presented at the hearing thereon.

Dated at Hagåtña, Guam: October 29, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant

_____
JOAQUIN C. ARRIOLA, JR.

# MEMORANDUM IN SUPPORT OF MOTION

Defendant RYAN DUMANAL was indicted in this case October 11, 2007, and charged with one count of "Drug User in Possession of a Firearm" and Receipt of Firearm with Obliterated Serial Number." Specifically, it is alleged that Mr. Dumanal admitted to being a user of marijuana, and was in possession on a Raven Arms 25 caliber firearm, which had an obliterated serial number. It is alleged Mr. Dumanal traded the firearm for used auto parts, provided by another person who was recently arrested for drug manufacturing.

Mr. Dumanal has lived on Guam for most of his life. He has no prior criminal history. He resides with his longtime girlfriend Elaine Cruz at 372 Chalan Maanao, Mataguac, Yigo, Guam. He has 2 children with her, ages 7 and 5. He thus has significant ties to the community. He works for his landlord. He has no other assets. He simply cannot afford to flee the jurisdiction.

Title 18, Section 3142 of the United States Code provides as follows:

**Section 3142. Release or detention of a defendant pending trial**

**(a) In general.** Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—

> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

> (2) released on a condition or combination of conditions under subsection (c) of this section;

**(c) Release on conditions.** (1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—

>> (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and

(B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person

> (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
>
> (ii) maintain employment, or, if unemployed, actively seek employment;
>
> (iii) maintain or commence an educational program;
>
> (iv) abide by specified restrictions on personal associations, place of abode, or travel;
>
> (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
>
> (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
>
> (vii) comply with a specified curfew;
>
> (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;
>
> (iv) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 8021), without a prescription by a licensed medical practitioner;
>
> (x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
>
> (xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may required;

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property shall have a new worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

**(g) Factors to be considered.** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the

Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Mr. Dumanal submits that he is not likely to flee. He has nowhere else to go, nor any resources to leave the island. He poses no danger to the safety of any other person or the community if released with conditions pending trial. He is has a family to support and does renovation work for his landlord. Defendant submits that with appropriate conditions of release, or more, such as electronic monitoring, house arrest or curfew, would assure his presence to return to Court for trial and avoid and potential danger, real or perceived, to the community.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that he be released on his own recognizance, on conditions, pending trial.

Dated at Hagåtña, Guam: October 29, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant

_____
JOAQUIN C. ARRIOLA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2007, a copy of the Defendant's Motion for Release Pending Trial and Notice of Hearing was served upon Plaintiff, United States of America, by hand-delivering a copy thereof to:

>United States Attorney's Office, Criminal Division
>Suite 500, Sirena Plaza
>108 Hernan Cortez Avenue
>Hagåtña, Guam 96910

Dated at Hagåtña, Guam: October 29, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant

JOAQUIN C. ARRIOLA, JR.